GOLDMAN, MURRAY, Associate Judge,
concurring:
The controversy in this case centered around which parent would be the primary residential parent for the parties’ three children. The children ranged in age from six to eleven years, and each parent was clearly a fit and proper person to have residential custody.
I concur in the affirmance because of the wide discretion given a trial judge in making his decision. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
I write only to express my concern over one area of the case.
A contested custody case is probably the most difficult case a trial judge has to handle, and it becomes even more difficult when both parents, as here, are fit and proper custodians.
The three children all expressed their wish to reside with their mother and the H.R.S. report recommended that the mother be the residential parent. The trial judge admitted that he “agonized” over his decision to make the father the residential parent.
Both parents were represented by experienced competent counsel. Yet the lives of the children would be the most affected by the trial judge’s decision. Who represented the children? No one! Who did the children have to place their case before the Court? No one!
I believe that in a truly contested custody battle, the objects of the battle should have a voice in their future. I believe the trial judge should see to it that they are protected by independent counsel. The trial judge is guided by “the best interests of the children,” based on evidence presented by two diametrically opposed interests who may or may not put the children’s interest first. It would be preferable for this to be accomplished by the appointment of an attorney ad litem who will be there to advo *637 cate the children’s and only the children’s best interest.
I take this opportunity to urge all trial judges handling custody disputes to seriously consider such an appointment.